UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>RETSEL CORPORATION,<br>d/b/a GRAND GATEWAY<br>HOTEL and d/b/a CHEERS<br>SPORTS LOUNGE AND<br>CASINO,<br>CONNIE UHRE, and<br>NICHOLAS UHRE,<br>Defendants | 5:22-cv-5086<br><br>MEMORANDUM<br>AND ORDER |

Pending before the Court is the joint motion of the parties to consolidate *United States v. Retsel Corp.*, 5:22-cv-5086, with *NDN Collective v. Retsel Corp.*, 5:22-cv-5027, for discovery purposes only. (Doc. 17, 5:22-cv-5086). NDN Collective has filed its Notice of No Opposition to Consolidate. (Doc. 32, 5:22-cv-5027). The Court held a hearing on the motion on February 3, 2023, to consider the arguments of the Parties in support of the motion. (Doc. 36, id.; Doc. 21, 5:22-cv-5086). For the following reasons, the Court denies the motion.

**Background**

In *NDN Collective v. Retsel*, 5:22-cv-5027, filed on March 23, 2022, Plaintiffs alleged in their first amended complaint claims of discrimination by employees of Retsel Corporation in violation of 42 U.S.C. § 1981 (Doc. 4) seeking class action status, declaratory and injunctive relief, compensatory and punitive damages, and other appropriate relief. Plaintiffs' second amended complaint repeats the claims and adds claims for assault and battery. (Doc. 17). All claims arise out of Defendants' alleged discrimination against Plaintiffs on the basis of race in connection with access to and the rental of rooms from the Grand Gateway Hotel and Cheers Bar, Rapid City, S.D. Defendants have denied Plaintiffs' allegations and filed a counterclaim alleging intentional interference with business relations, defamation, trespass, nuisance, and civil conspiracy against Plaintiff NDN Collective. (Doc. 18).

*United States v. Retsel Corp.*, 5:22-cv-5086, filed on October 19, 2022, alleges discrimination in violation of 42 U.S.C. §§ 2000a, et seq., and seeks declaratory and injunctive relief and appropriate remedial action. The case arises from many of the same incidents that are the subject of the NDN Collective lawsuit, 5:22-cv-5027, discussed above.

## Legal Standard

Pursuant to F.R.C.P. 42, the Court may "consolidate the actions" before it if such actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). As

the Eighth Circuit has stated, whether to consolidate actions is a matter within the discretion of the court. *Horizon Asset Management, Inc. v. H & R Block, Inc.*, 580 F.3d 755, 768 (8th Cir. 2009) (noting court did not abuse discretion in consolidating claims with "common parties, overlapping issues, and related factual scenarios" and there was no unfairness to the parties). See also *Heil v. Belle Starr Saloon & Casino*, 2013 WL 943754, *2-5 (D.S.D. 2013) (consolidating cases involving overlapping witnesses and claims of sexual and physical harassment against same decision-maker with same modus operandi); *Suhn v. Berg*, 2011 WL 1527263 (D.S.D. 2011) (granting motion to consolidate given common questions of fact and common witnesses).

The Eighth Circuit has cautioned, however, that consolidation of cases is inappropriate if it leads to "inefficiency, inconvenience, or unfair prejudice to a party." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998). Furthermore, consolidation is not automatic even when requested, as the party seeking consolidation bears the burden of establishing it would "promote judicial convenience and economy." *Powell v. National Football League*, 764 F. Supp. 1351, 1359 (D. Minn. 1991). In *Powell*, defendants sought to consolidate two cases brought by individual professional football players against the National Football League. The court denied the motion, contrasting the claims in each, and citing possible undermining of one of the court's orders excluding certain issues and a

3

possible decertification of the class of plaintiffs as its rationale. *Id.* See also *Ecolab, Inc. v. Schmidt*, 2015 WL 12803640, *2 (D.N.D. 2015) (denying consolidation of cases alleging breach of employment agreements involving different contracts).

**Analysis**

In this case, the parties have moved for consolidation of 5:22-cv-5086 and 5:22-cv-5027 with respect to discovery only. (Doc. 17). As was evident at the motion hearing on February 3, 2023, the Parties know they can stipulate to the use of the discovery gleaned in both cases for use in both cases. They do not require a court order to enter such a stipulation. The Parties also acknowledge they can seek a ruling from the Court if any issue with discovery arises.

The Court recognizes the similarities in the claims and that certain witnesses are common to both cases. It is evident, however, that Plaintiffs in *NDN Collective* have claims substantially more far-reaching than those of the United States. The latter seeks declaratory and injunctive relief, while the former seeks similar relief but also includes claims for actual and punitive damages resulting from the alleged discrimination, as well as claims sounding in tort. The counterclaims by Retsel Corporation against NDN Collective are not lodged against the United States and the relief sought, therefore, far exceeds any relief that potentially is available between the United States and Defendants. These distinctions in the cases will

require the Parties to engage in discovery that likely will differ in length of time needed, avenues of inquiry and witnesses, resulting in differing time frames for resolution of the claims at issue.

Therefore, because the Court finds consolidation of discovery pursuant to this Court's order may not promote efficiency and economy, and in fact, may have the opposite effect, the Court denies the Parties' motion to consolidate for discovery (Doc. 17, 5:22-cv-5086), recognizing no opposition from NDN Collective (Doc. 32, 5:22-cv-5086). Should the Parties choose to stipulate to the use of discovery materials gleaned in one case for use in the other, the Court encourages such actions.

Additional discussion during the motion hearing on February 3, 2023, centered on the common issues in the case and the schedule for resolving them. The Court will consolidate the declaratory and injunctive portion of the two cases for trial which will be scheduled for the week of June 10, 2024. The remaining claims in *NDN Collective v. Retsel* will be tried in October or November, 2024. The Parties in each case will propose scheduling orders.

Accordingly, IT IS ORDERED that the motion of the United States and Retsel Corporation (Doc. 17) to consolidate the cases for discovery, with no opposition from NDN Collective (Doc. 36, 5:22-cv-5027), is denied.

Dated this 15th day of February, 2023.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK